```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF KANSAS


JEREMY SHELDEN,                     )
                                    )
            Plaintiff,              )
                                    )
     v.                             )    Case No. 13-1374-RDR
                                    )
                                    )
CAROLYN W. COLVIN,                  )
Acting Commissioner of the          )
Social Security Administration,     )
                                    )
            Defendant.              )
```

## MEMORANDUM AND ORDER

In December 2010, plaintiff filed applications for social security disability insurance benefits and supplemental security income benefits.  These applications alleged a disability onset date of December 13, 2010.  On June 28, 2012, a hearing was conducted upon plaintiff's applications.  The administrative law judge (ALJ) considered the evidence and decided on July 25, 2012 that plaintiff was not qualified to receive benefits.  This decision has been adopted by defendant.  This case is now before the court upon plaintiff's motion to reverse and remand the decision to deny plaintiff's applications for benefits.

Upon review, the court shall grant plaintiff's motion to reverse and remand because the court agrees with plaintiff that the ALJ failed to follow the proper legal standards in assessing plaintiff's residual functional capacity.

I.  STANDARD OF REVIEW

To qualify for disability benefits, a claimant must establish that he or she was "disabled" under the Social Security Act, 42 U.S.C. § 423(a)(1)(E), during the time when the claimant had "insured status" under the Social Security program. See Potter v. Secretary of Health & Human Services, 905 F.2d 1346, 1347 (10th Cir. 1990); 20 C.F.R. §§ 404.130, 404.131. To be "disabled" means that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

For supplemental security income claims, a claimant becomes eligible in the first month where he or she is both disabled and has an application on file. 20 C.F.R. §§ 416.202-03, 416.330, 416.335.

The court must affirm the ALJ's decision if it is supported by substantial evidence and if the ALJ applied the proper legal standards. Rebeck v. Barnhart, 317 F.Supp.2d 1263, 1271 (D.Kan. 2004). "Substantial evidence" is "more than a mere scintilla;" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id., quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). The court must examine the record as a whole, including whatever in the record fairly

detracts from the weight of the defendant's decision, and on that basis decide if substantial evidence supports the defendant's decision. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994) (quoting Casias v. Secretary of Health & Human Services, 933 F.2d 799, 800-01 (10th Cir. 1991)). The court may not reverse the defendant's choice between two reasonable but conflicting views, even if the court would have made a different choice if the matter were referred to the court de novo. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.   THE ALJ'S DECISION (Tr. 11-21).

There is a five-step evaluation process followed in these cases which is described in the ALJ's decision. (Tr. 12-13). First, it is determined whether the claimant is engaging in substantial gainful activity. Second, the ALJ decides whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments which are "severe." At step three, the ALJ decides whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Next, the ALJ determines the claimant's residual functional capacity and then decides whether the claimant has the residual functional capacity to perform the requirements of his or her past relevant work. Finally, at the last step of the

sequential evaluation process, the ALJ determines whether the claimant is able to do any other work considering his or her residual functional capacity, age, education and work experience.

In this case, the ALJ decided plaintiff's application should be denied on the basis of the fifth and last step of the evaluation process.  The ALJ decided that plaintiff maintained the residual functional capacity to perform jobs that existed in significant numbers in the national economy.

The ALJ made the following specific findings in her decision.  First, plaintiff met the insured status requirements for Social Security benefits through December 31, 2012.  Second, plaintiff did not engage in substantial gainful activity after December 13, 2010, the alleged onset date of disability.  Third, plaintiff has the following severe impairments:  low back pain; obesity, anxiety, attention deficit disorder/attention deficit hyperactivity disorder (ADD/ADHD), and a learning disorder. Fourth, plaintiff does not have an impairment or combination of impairments that meet or medically equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Fifth, plaintiff has the residual functional capacity to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift and carry 10 pounds frequently and 20 pounds occasionally, sit for six hours in an eight hour day, stand or walk for six hours in an eight hour day, climb ramps, balance,

> stoop, kneel, crouch and crawl occasionally, cannot climb ladders, must avoid concentrated exposure to extreme cold, heat, vibration, and hazards, can complete simple routine, repetitive, unskilled work, cannot have contact with the public, and can have occasional contact with co-workers and supervisors.

(Tr. 15).  The ALJ also found, in assessing plaintiff's mental impairments, that plaintiff has mild restrictions in the activities of daily living, moderate difficulties in social functioning and concentration, persistence or pace and no episodes of decompensation, which have been of extended duration.  (Tr. 14).  Sixth, plaintiff is unable to perform any past relevant work.  But, seventh, plaintiff is capable of performing jobs that exist in significant numbers in the national economy.  The ALJ referred to the testimony of a vocational expert who concluded that a person with plaintiff's age, education, work experience and residual functional capacity (RFC) could perform the jobs of cleaner, packing line worker, and assembler.  (Tr. 20).

III. THE ALJ DID NOT APPLY THE CORRECT LEGAL STANDARDS IN ASSESSING PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY ("RFC").

Plaintiff's first argument to reverse the decision to deny benefits is that, contrary to Social Security regulation SSR 96-8p, the ALJ failed to explain how the evidence supported the ALJ's conclusion that plaintiff is able to stand or walk six hours a day when two medical professionals commented that

5

plaintiff could not engage in prolonged standing or walking.[1] Dr. Goering, a state agency consultant, concluded that plaintiff could stand or walk for two hours a day (Tr. 94), and Dr. Al-Shathir, an examining doctor, noted that plaintiff told him he could not do prolonged standing (Tr. 375). The ALJ wrote that she gave Dr. Goering's opinion "significant weight" other than the standing and walking limitations and that she gave Dr. Al-Shathir's opinion "some weight" except for the standing limitations which the ALJ concluded were not supported by the evidence. (Tr. 17). The ALJ explained that both doctors' conclusions regarding plaintiff's ability to stand and walk relied upon plaintiff's subjective reports which the ALJ said are not consistent with the evidence "as explained elsewhere in this decision." (Tr. 17).

Judge Crow of this court summarized as follows the requirements that an ALJ support his RFC findings:

> According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts … and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. [citations omitted]. When the ALJ fails to provide a narrative discussion describing how

---

[1] Plaintiff also argues that the ALJ did not adequately consider and discuss plaintiff's obesity as a factor in the RFC evaluation process. The court will not decide that argument in this opinion.

>  the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.

Sowers v. Astrue, 2012 WL 5412299 *3 (D.Kan. 11/6/2012).  Judge Lungstrum, also of this court, engaged in a similar discussion in Babineau v. Astrue, 2010 WL 4568985 *6 (D.Kan. 11/3/2010).

In this case, there are no medical reports which conclude that plaintiff can walk and stand for six hours in an 8-hour workday as the ALJ concluded in her decision.  The only medical reports in the record indicate that plaintiff cannot engage in prolonged standing and that plaintiff cannot stand or walk for more than 2 hours during a 8-hour workday.  The ALJ decided to discredit these reports on this point because the ALJ thought the reports relied upon plaintiff's subjective accounts which the ALJ considered unreliable.  It appears to the court that the ALJ is correct that Dr. Al-Shathir's report relied upon plaintiff's account.  But, the ALJ seems to merely suppose that Dr. Goering rested his evaluation of plaintiff's walking and standing limitations solely upon plaintiff's statements.  This is one reason to find that the ALJ failed to support her RFC findings with a discussion of evidence in the record.

In addition, the ALJ's criticism of plaintiff's credibility does not bear closely upon plaintiff's abilities to stand and walk for prolonged periods.  The ALJ notes that plaintiff

7

"prepares simple meals, such as sandwiches and pizza, washes clothes and dishes, drives, and shops in stores" (Tr. 18), and that plaintiff's girlfriend stated that plaintiff feeds and waters the dog, attends to his personal care, cooks dinner for her and her daughter, and sometimes washes dishes and does laundry" (Tr. 19).  These descriptions of plaintiff's daily activities do not support the ALJ's conclusion that plaintiff can stand or walk 6 hours in an 8-hour workday.  The ALJ also notes that "there is little objective medical evidence to support the claimant's allegations."  (Tr. 16).  This appears correct.  But, the ALJ cannot support her RFC assessment merely by asserting that a differing assessment is supported by "little objective evidence" when the ALJ's assessment is not backed up by <u>any</u> medical opinion or description of daily activities. Moreover, the objective medical evidence in the record at least was sufficient for the ALJ to conclude that plaintiff suffers from low back pain and obesity, conditions which may impair the ability to stand or walk for prolonged periods.

    Finally, the court would note that plaintiff testified before the ALJ that on good days he can stand or walk around for 30-minute periods and that on bad days for 15-minute periods. Plaintiff also testified that he had more bad days than good days in a typical week.  (Tr. 33).  Assuming that the ALJ is correct in concluding that this testimony exaggerates

8

plaintiff's level of impairment, the ALJ's credibility assessment does not support the ALJ's six-hour stand/walk assessment to any greater degree than it supports Dr. Goering's two-hour stand/walk assessment.

In summary, the court finds that the ALJ failed to provide a narrative discussion of how the evidence supports her conclusion, in contradiction with medical reports, that plaintiff can stand or walk for six hours during an 8-hour workday. This represents a failure by the ALJ to apply the proper legal standards because the ALJ has failed to explain adequately why her RFC assessment conflicts with the only medical source opinions in the record. Accordingly, the RFC conclusions are not supported by substantial evidence.

IV. CONCLUSION

The court shall reverse defendant's decision to deny plaintiff's applications for benefits. The court shall direct that this case be remanded to the Commissioner for further proceedings consistent with this opinion. This remand is made under the fourth sentence of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Dated this 10th day of June 2014, at Topeka, Kansas.

s/ Richard D. Rogers
Richard D. Rogers
UNITED STATES DISTRICT JUDGE
